IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ZAMORA, and FRANCISCO ZAMORA, on behalf of themselves, and all other Plaintiffs similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>THE BRICKMAN GROUP LTD.,<br><br>Defendant. | No. 1:12-cv-02020<br><br>Honorable Judge Joan B. Gottschall<br><br>Magistrate Judge Maria Valdez |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND DISMISSING CLAIMS AND DISMISSING CASE

Plaintiffs Juan Zamora, Francisco Zamora and Rafael Gonzales ("Plaintiffs") and Defendant, The Brickman Group, Ltd. ("Defendant") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. Plaintiffs have filed an unopposed motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. The Court defines the Settlement Class at issue in this matter as follows:

    All past and present employees of Defendant who, from March 20, 2007 to March 15, 2013, have experienced deductions from their compensation for clothing items and for whom concurrent express written consent was not given at the time the deduction was made.

This class is hereinafter referred to in this Order as "Settlement Class."

2. The Court finds that Simpluris, Inc. ("Simpluris"), the appointed Settlement Administrator, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement. The Court finds that the direct-mail notice program used in this case, along with the additional notice measures performed in this matter, satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court finds that Defendant has met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

5. The Court directs payment to Francisco Zamora, Juan Zamora and Rafael Gonzalez in a sum of $500.00 per person over and above the amount that they are entitled to by virtue of their status as a Settlement Class Member. This payment shall occur no later than 10 days after entry of this Order. In addition, the Court also approves the settlement of the FLSA claims of Francisco and Juan Zamora as a fair and reasonable compromise of disputed claims.

6. The Court directs payment to Class Counsel a total sum of $37,000, for attorneys' fees incurred in this action. The Court finds that this award of attorneys' fees, costs, and expenses fairly represents the market rate of Plaintiffs' attorney's services. This payment shall occur no later than 10 days after the entry of this Order.

7. The Court directs payment of $20,000.00 to Simpluris for work performed as Settlement Administrator. This payment shall occur no later than 10 days after the entry of this Order.

8. With respect to unclaimed funds pertaining to this settlement, the Court orders the following distribution of the remainder funds within 10 days after the entry of this Order:

  a. Simpluris shall provide the total amount of $15,000 to Brickman as reimbursement of 75% of administration costs;

  b. Simpluris shall provide the total amount of $17,000 to the Farmworkers' & Landscapers Advocacy Project as compensation for additional attorneys' fees incurred in conducting community seminar and town hall meetings;

  c. A *cy pres* award in the amount of $20,000 shall be provided to "The Talented Tenth," a bona fide 501(c)(3) charitable organization. This *cy pres* award shall be an initial award of $5,000 to The Talented Tenth, to be sent to the Billhorn Law Firm for presentation to The Talented Tenth. The remaining $15,000 shall be initially paid directly to The Billhorn Law Firm for holding in a specially designated Trust Account. The Billhorn Law Firm shall then pay from that Trust Account the remaining funds to The Talented Tenth in $5,000 increments on the following dates until the money is exhausted: August 1, 2014, October 1, 2014; and December 1, 2014; and

  d. A *cy pres* award for the remaining *cy pres* funds ( expected to be $93,721.00 unless new claims are received by the claims administrator on or before May 1, 2014) shall be provided to the St. Benedict Preparatory High School of Chicago, said check to be sent to the Billhorn law Firm for presentation to St. Benedict Prep.

9. The Court directs Simpluris to issue checks to Settlement Class Members, as provided in the Settlement Agreement, to all Class Members who returned valid and timely claim forms. This payment shall occur no later than 10 days after the entry of this Order.

10. This Court shall retain jurisdiction over this matter for the next 28 days for the limited purpose of enforcing the terms of the Settlement Agreement and for ensuring distribution from the Qualified Settlement Fund as set forth in the Settlement Agreement. Except as necessary to enforce the terms of the Settlement Agreement in the next 28 days, this matter is dismissed with prejudice against Defendant All Settlement Class members herein release and discharge Defendant and the other Released Parties identified in the Parties' Settlement Agreement from any and all claims arising under the Illinois Wage Payment and Collection Act from March 20, 2007 to March 15, 2013. In addition, all individual claims of the named Plaintiffs are likewise dismissed with prejudice. On May 30, 2014, this dismissal shall automatically convert to a dismissal with prejudice in all respects.

ENTERED:

_____
**The Honorable Joan B. Gottschall**
United States District Court

Dated: 1/13/14